Bell, J.,
dissenting. Although the facts in Public Service Commission v. Lloyd A. Fry Roofing Co., 219 Ark., 553, 244 S. *404 W. (2d), 147, are slightly different from those of the instant ease, it appears to me that there is sufficient similarity to permit the application of the reasoning of the Arkansas court to this case.
I recognize that in this case it is “stipulated between the parties that all * * * the drivers * # # are employees of * * * Rogers * * *; that in every respect * * * Van Meter has at all times been a servant of * * * Rogers * * *; and that for every legal, as well as all other purposes, a master-servant relationship has existed between * * * Rogers * * * and * * * Van Meter. ’ ’
In the Arkansas case “ it is pointed out that it (the lessee of trucks) carries said drivers as employees, pays social security taxes on them, extends to them vacation benefits, etc., and has absolute control over them.” The Arkansas court, however, rejected the control test adopted by the majority herein and held that notwithstanding the control the owner drivers were “transporting * * * property by motor vehicle for compensation.” Compare Section 4923.02, Revised Code, which reads in part: “when engaged in the business of * * * furnishing * * * transportation service, for hire.”
In so holding the Arkansas court quoted the following statement from Georgia Truck System, Inc., v. Interstate Commerce Commission, 123 F. (2d), 210, 212, which statement seems to me to be appropriate in the present case:
“It is true that the contracts, under cover of which the operations were conducted, are in most of their provisions carefully drawn to give color to appellant’s claim of renting onlyj and if the operations had been conducted strictly within that form, there might have been some question whether the operations so conducted were transportation operations within the invoked act. When, however, the contracts are read in the light of the construction accorded them by the parties by the actual operations under them, it is clear that the scheme as a whole is a mere subterfuge, an unpermitted evasion, not a real avoidance of the provisions of the law.”
That is the conclusion reached by the commission herein on the facts as stipulated by the parties. I do not think that *405 conclusion is either unreasonable or unlawful, and the order of the commission should be affirmed.
Zimmerman, J., concurs in the foregoing dissenting opinion.